## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

AL BRUNN                    )
                                     )
          Plaintiff,         )
                                     )     CIVIL NO. 2001-0125
         v.             )
                                     )
DAIMLERCHRYSLER CORPORATION  )
and ROBERT BOSCH CORPORATION   )
                                   )
         Defendants.      )
_____ )

## <u>MEMORANDUM OPINION</u>

FINCH, J.

      THIS MATTER comes before the Court on a Motion to Dismiss for failure to prosecute filed by Defendant Robert Bosch Corporation and joined by DaimlerChrysler Corporation. Plaintiff, Al Brunn, opposes such motion.

### I.   PROCEDURAL BACKGROUND

      Plaintiff filed this action against DaimlerChrysler Corporation and Bosch Corporation claiming damages attributable to both Defendants, allegedly resulting from the premature deployment of a vehicle's airbag. Plaintiff filed his complaint on July 24, 2001 and subsequently amended his complaint to add Bosch as a defendant on January 29, 2002.

      On March 2, 2006, the Court issued a Scheduling Order requiring that all fact depositions be completed by August 1, 2006. After the parties requested an extension of the August 1, 2006 deadline, the Court issued a Scheduling Order on August 18, 2006, which provided for the close of fact discovery by December 29, 2006. However, Plaintiff did not complete the Bosch

30(b)(6) depositions by December 29, 2006 and, therefore, failed to complete fact discovery by the deadline under the Court's Scheduling Order.

On April 12, 2005, Plaintiff requested dates to secure a 30(b)(6) deposition of DaimlerChrysler Corporation and counsel for Defendant requested a proposed 30(b)(6) Notice. On April 13, 2005, Plaintiff forwarded a proposed 30(b)(6) notice to counsel for DaimlerChrysler Corporation. About two months later, Plaintiff received a response letter dated June 14, 2005 from DaimlerChrysler's counsel indicating that she felt that the Notice was overly broad in scope and requested that Plaintiff's counsel narrow its requests.

On June 7, 2006, Plaintiff's counsel spoke with the office of Bosch's counsel to request an opportunity to take the 30(b)(6) deposition of Bosch and was asked to forward a proposed Notice. Plaintiff alleges that, due to the technical nature of the underlying issues and the request by counsel for Defendant to narrow the requests made in the notice, Plaintiff's counsel consulted with an expert regarding the scope of the 30(b)(6) topics. At that time, Plaintiff believed that the 30(b)(6) depositions were more in the nature of expert witness depositions.

Plaintiff's expert responded to Plaintiff's counsel's request for information regarding the scope of the 30(b)(6) on October 25, 2006 but Plaintiff's counsel did not become aware of that communication until Bosch filed its Motion to Dismiss on March 27, 2007. Plaintiff alleges that the lapse occurred because Plaintiff's counsel was traveling in the states for expert depositions in an unrelated matter when the information was conveyed to the office. Without receiving the requested information, Plaintiff's counsel inadvertently did not re-notice the 30(b)(6) depositions of DaimlerChrysler and Defendant Bosch's counsel was not served with notice as to Bosch's 30(b)(6) depositions.

## II.      STANDARD OF REVIEW

When ruling on a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), the decision to dismiss the case is within the sound discretion of the court. Burns v. Glick, 158 F.R.D. 354, 355 (E.D. Pa 1994).  Rule 41(b) permits the court to dismiss an action with prejudice for a plaintiff's failure to prosecute or to comply with the rules or any order of the court.  As stated by the Supreme Court, "the power to invoke this sanction is necessary in order to prevent delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962). Dismissal of an action for failure to prosecute should only be used as a last resort and is "a drastic sanction…reserved for those cases where there is a clear record of delay or contumacious conduct on behalf of the plaintiff." Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 866 (3d Cir. 1984) (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

When assessing dismissal under Rule 41(b), courts generally consider six factors: (1) the extent of the party's personal responsibility, (2) the prejudice to the adversary, (3) the party's history of dilatoriness, (4) whether the party or attorney acted willfully or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the merit of the claim. Poulis 747 F.2d at 868.  Each and every one of these factors need not weigh against the opposing party before dismissal is warranted.  Andrews v. Government of the Virgin Islands, 132 F.R.D. 405, 411 (D.V.I. 1990) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)).  Consideration of the Poulis factors amounts to a balancing test, with no single factor being dispositive.  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cor. 1992).

III.    DISCUSSION

    A.      The Extent of Plaintiff's Personal Responsibility

     Defendant argues that Plaintiff is bound by the acts of his attorney and, therefore, dismissal is an appropriate remedy because delays in this case were the result of Plaintiff's counsel's actions.   A plaintiff's lack of responsibility for plaintiff's counsel's dilatory conduct is not dispositive because a client cannot always avoid the consequences of the acts or omissions of its counsel.  See Grine v. Coombs, 214 F.R.D. 312, 362 (W.D. Pa. 2003); Link v. Wabash Railroad, 370 U.S. 626, 633 (1962).  However, a litigant's potentially meritorious claim is not to be dismissed in the absence of evidence that the litigant bears at least some personal responsibility, "even where the attorney's actions are 'flagrant.'"  Difrancesco v. Aramark Corp., 2006 U.S. App. LEXIS 5312 at *7-8 (3d Cir. 2006) (citing Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126, 129 (3d Cir. 1987)).   The Third Circuit has "increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault."  Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3d Cir. 1994).

     There has been no suggestion by Defendants that Plaintiff bears any personal responsibility for the delay in providing notice and scheduling the 30(b)(6) depositions of Defendants.  According to Plaintiff, the lapse in communication that caused the delay was due to Plaintiff's counsel's travel overseas on unrelated business.  Indeed, Plaintiff's counsel has acknowledged the delays with regard to the 30(b)(6) depositions were her responsibility.  Any argument that Plaintiff is responsible in any significant way for this conduct is not supported in the record.  Therefore, the Court finds that Plaintiff's counsel is primarily responsible for the violation of court orders that have occurred in this action and this factor favors Plaintiff.

**B.      Prejudice to the Defendants**

There has been prejudice to the defendants by the Plaintiff's counsel's conduct.  Under

the <u>Poulis</u> test, "prejudice" does not refer to "irremediable" harm, but, rather, "it can consist of

the extra costs of repeated delays and filing of motions necessitated by the improper behavior on

the part of plaintiffs." <u>Andrews</u>, 132 F.R.D. 405 at 412; <u>Poulis</u>, 747 F.2d at 868.  In this case,

Plaintiff's delay in conducting the 30(b)(6) depositions and failure to complete fact discovery has

prejudiced Defendants.  Defense counsel was inconvenienced by having to wait for Plaintiff's

notice and Defendants had to pay the cost of filing this present motion.

On the other hand, a stipulation to extend the discovery deadlines was agreed to by all

parties, with Plaintiff to serve 30(b)(6) deposition notices by May 18, 2007 and the 30(b)(6)

deposition of Bosch to take place the week of July 23, 2007.  The fact that such an extension was

agreed to by all parties suggests that Defendants suffered little, if any, prejudice by Plaintiff's

failure to complete all fact discovery by the deadline in the prior Scheduling Order.  Therefore,

this factor favors Plaintiff.

**C.      History of Dilatoriness**

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as

consistent non-response to interrogatories, or consistent tardiness in complying with court

orders." <u>Louis Remy and Madona Remy v. Ford Motor Company</u>, 2006 V.I. LEXIS 28 at *21

(2006) (quoting <u>Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund</u>, 29

F.3d 863, 874 (3d Cir. 1994)).  Plaintiff was unable to meet the extended deadline imposed by

the August 18, 2006 Scheduling Order requiring that all fact discovery take place by December

29, 2006.  Plaintiff was well aware of the deadline but failed to notice and conduct a Bosch 30(b)(6) deposition within that deadline.

Although Plaintiff claims that his failure to meet the deadline was inadvertent due to Plaintiff's counsel lack of communication with the expert, inadvertence is not a valid excuse for five months of inactivity.  Plaintiff's counsel knows that court orders cannot be ignored and prosecution of Plaintiff's claim cannot be solely determined by counsel's personal schedule. "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation." Poulis, 747 F.2d at 868.

On the other hand, the fact that Plaintiff twice requested that the court extend the deadlines in this matter is evidence of Plaintiff's diligence with regard to the Scheduling Orders discussed above.  As the Poulis court noted, "If compliance [with a court order] is not feasible, a timely request for an extension should be made to the court." Id.  Furthermore, Plaintiff has put a substantial amount of work into this case for the past six years.  As review of the objective record shows, Plaintiff has completed all factual discovery in this matter with the exception of the 30(b)(6) deposition of Defendants.  Plaintiff has actively pushed this case forward since its inception in 2001 and Plaintiff's tardiness in completing the 30(b)(6) depositions is simply not enough to find a history of dilatoriness.  Therefore, this factor weighs in favor of Plaintiff.

### D.        Whether the Attorney's Conduct was Willful or in Bad Faith

Several courts have stated that, without a finding of bad faith on the part of the delinquent party, dismissal as a sanction would be inappropriate.  Estate of Spear v. C.I.R., 41 F.3d 103, 112 (3d Cir. 1994).  Courts look for willful or flagrantly bad faith behavior under the Poulis test. Adams, 29 F.3d at 875.  Plaintiff's "failure to comply with the court's orders and in dragging the

case out [must be] willful and not merely the result of negligence or inadvertence." Dana-Sorana Alexe v. Lucent Technologies, Inc., 2007 U.S. Dist. LEXIS 77181 at *8 (D.N.J. 2007) (quoting Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002). There is nothing in the record to support a finding of bad faith on the part of Plaintiff or Plaintiff's counsel. Therefore, this factor favors Plaintiff.

### E.    Alternative Sanctions

Dismissal may be warranted only where other lesser sanctions have proven futile. Courts in the Virgin Islands have repeatedly stated that dismissal is a sanction of last resort and should be imposed when all other alternatives have been evaluated and deemed insufficient. See Berry v. St. Thomas Gas Co., 36 V.I. 64 (V.I. Terr. Ct. 1997); Poulis, 747 F.2d at 866. "Alternatives [to dismissal] are particularly appropriate when the plaintiff has not personally contributed to the delinquency." Poulis, 747 F.2d at 866.

Under the circumstances of this case, dismissal is not warranted. Both parties requested that the court extend the deadlines in this matter and Defendants' agreement to an extension suggests that they have not been significantly prejudiced by Plaintiff's tardiness. Furthermore, Plaintiff has put in a substantial amount of work since 2001 to move his case forward, which is clear from all the entries listed on the docket sheet. If a case is actively pushed toward trial, such activity will be reflected on the docket, as "active prosecution of a case can be expected to leave footprints on the docket." Rovner v. Warner Brothers Pictures, Inc., 29 FRD 488, 490 (D. Pa 1962). In light of Plaintiff's overall record of diligence in prosecuting this case, sanctions are not necessary to penalize Plaintiff. If Plaintiff continues to miss deadlines or otherwise delay the

prosecution of this case, Defendant is free to renew its motion for dismissal or alternative sanctions at a later time.

### F.      Meritoriousness of Plaintiff's Claim

Dismissal pursuant to Rule 41(b) operates as a dismissal on the merits and dismissal of an otherwise meritorious case for failure to prosecute is disfavored by the courts.  See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3d Cir. 1994) ("courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits").  In Poulis, the court warned against overuse of the sanction of dismissal, which may create an "atmosphere in which the meritorious claims or defenses of innocent parties are no longer the central issue."  Poulis, 747 F.2d at 867.

"In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards.  A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."  Poulis, 747 F.2d at 869-870.  Defendants have not demonstrated or proven that Plaintiff's claims are not meritorious.  "Doubts should be resolved in favor of reaching a decision on the merits."  Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984).  Because the burden imposed upon the Plaintiff, with respect to the existence of a meritorious claim, is a light one, this factor favors Plaintiff.

## IV.      CONCLUSION

Dismissal of this case based on Plaintiff's failure to abide by the time limits previously imposed by the Court would be an extremely severe sanction and such a drastic measure is not

warranted.  Analysis of this case under the <u>Poulis</u> test reveals that all six <u>Poulis</u> factors weigh in favor of Plaintiff.  Therefore, Defendants' Motion to Dismiss for failure to prosecute is denied.



**ENTERED this   26  day of November, 2007.**


_____/s/_____
**HONORABLE RAYMOND L. FINCH**
**U.S. DISTRICT JUDGE**